# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DONNIE AMISON,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:15-cv-01261-RDP |
| **NATIONWIDE MUTUAL INSURANCE COMPANY, INC.,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion to Remand to State Court (Doc. # 4), filed August 14, 2015. Defendant filed a Response on August 20, 2015. (Doc. # 7). The Motion is fully briefed.[1] For the reasons explained below, the court concludes the Motion is due to be granted and this case is due to be remanded to the Circuit Court of Jefferson County, Alabama, Birmingham Division.

**I.     Background Facts and Procedural History**

On June 4, 2015, Plaintiff commenced this lawsuit in the Circuit Court of Jefferson County, Alabama, Birmingham Division. (Doc. # 1-1). Plaintiff, a resident of Jefferson County, Alabama, sued Defendant,[2] an Ohio corporation with its principal place of business in Ohio, over allegedly unpaid uninsured/underinsured motorist insurance ("UM" or "UM/UIM") benefits. (*Id.*) Plaintiff avers that, as he was riding as a passenger in an automobile driven by his father, a currently unknown party fired gunshots from another car into the automobile in which he was

---

[1] Plaintiff had the opportunity but did not file a Reply brief.

[2] Plaintiff incorrectly named Defendant Nationwide Mutual Fire Insurance Company in the caption as Nationwide Mutual Insurance Company, Inc. (Doc. # 1).

riding. (*Id.*) These gunshots struck Plaintiff in various parts of his body, including his neck. (*Id.*) The shots injured Plaintiff both physically and mentally, and he continues to suffer pain and anguish. (*Id.*) Further, he incurred out-of-pocket medical expenses and expects to continue making such payments in the future due to ongoing difficulties from his gunshot wounds. (*Id.*)

Defendant had one or more UM policies in force at the time of the shooting, insuring Plaintiff for injuries or damages caused by an uninsured or underinsured motorist. (Doc. # 1-1). The UM policy or policies were in effect at the time of Plaintiff's injuries, and include medical payments coverage. (*Id.*) Plaintiff contends that both Alabama law and the policy terms require Defendant to pay his claim (and, possibly, additional damages). (*Id.*) No *ad damnum* clause is included with Plaintiff's damages demand. (*Id.*)

Defendant thereafter removed the case to this court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. # 1). In the Notice of Removal, Defendant states that the total possible available UM coverage in this case is $100,000.00, due to stacking of two different policies covering four insured vehicles.[3] (*Id.*) Further, even though Plaintiff did not include an *ad damnum* clause in his Complaint, Defendant claims that Plaintiff seeks damages in excess of $75,000.00. (Doc. # 1). This assertion is based on Plaintiff's denials to Defendant's Request for Admissions.[4] (Docs. # 1, 1-2). The Request for Admissions demanded: (1) "Admit that you will not accept more than $75,000 in this lawsuit;" and (2) "Admit that your damages do not exceed

---

[3] Defendant issued UM policy number 77 01 P 393784, which insured Plaintiff, his father, and his father's spouse, and the following four vehicles: 1994 Cadillac Deville, VIN 1G6KD52B8RU253763; 1999 Chevrolet Astro, VIN 1GNDM19W3XB156865; 1986 Gmc Sierra 1, VIN 1GTDC14H6GF712275; and 2004 Gmc Yukon, VIN 1GKEC13Z84J198666. (Doc. # 1-4). Additionally, Defendant issued UM policy number 77 01 C 272321, which afforded coverage to the same named insureds for a 1992 Chevrolet S10 Pick, VIN 1GCCS14Z2N8178989. (Doc. # 1-5). Defendant specifically argues that Plaintiff "could stack 3 of the vehicles [on policy 77 01 393784] which carried $25,000/$50,000 in UM coverage for a total of $75,000 in potential coverage." (Doc. # 1). Additionally, Defendant asserts that Plaintiff could stack to that possible amount a vehicle insured on the other policy, covering $25,000/$50,000. (*Id.*) "Thus, the total available UM coverage in this matter is $100,000.00." (*Id.*)

[4] Defendant served its Request for Admissions on Plaintiff on June 16, 2015, and Plaintiff responded on July 16, 2015. Shortly thereafter, this case was removed. (Doc. # 1).

$74,999.00, excluding interest and cost." (Doc. # 1-2). Despite Plaintiff's denial as to both requests, Defendant argues that he "clearly" seeks damages exceeding $75,000.00. (Doc. # 1). Thus, Defendant reasons, because Plaintiff allegedly seeks and may potentially recover damages in excess of $75,000.00, the amount-in-controversy jurisdictional minimum required for removal based on diversity of citizenship is present.

Plaintiff filed the Motion to Remand in response. (Doc. # 4). Diversity of citizenship is not disputed here. Rather, the issue is whether the amount-in-controversy requirement is met. Plaintiff argues that insurance policy limits are not the proper source for measuring the amount in controversy, but rather we should look to the value of the underlying claim. (*Id.*) Also, Plaintiff contends that his denials to Defendant's Request for Admissions are not a proper basis for demonstrating the amount-in-controversy jurisdictional minimum. (*Id.*)

Defendant opposes remand, arguing that Plaintiff's denials of requests for admission constitute "other paper" disclosing that the amount in controversy exceeds $75.000.00. (Doc. # 7). Also, Defendant plays down the relevance of stacking the UM policies and clarifies its position by explaining that it does not assert the total possible recovery amount of $100,000.00 as proof of the jurisdictional minimum.[5] (*Id.*)

## II.     Standard of Review

Pursuant to 28 U.S.C. § 1332, the court has subject matter jurisdiction over a case involving state law claims when there is both complete diversity of citizenship among the

---

[5] Specifically, Defendant argues in the Notice of Removal that four covered vehicles may be stacked to allow for a total available UM coverage in this case of $100,000.00. (Doc. # 1). Further, Defendant contends that, because Plaintiff pursues only a UM/UIM claim, any possible recovery in this case cannot exceed the available UM/UIM policy limits at issue. (Doc. # 7). It asserts that the available policy limits are irrelevant for removal purposes, and thus Plaintiff's concerns are misguided. (*Id.*) However, Plaintiff contends that UM policy limits are not the proper measurement of the amount in controversy, but rather the value of the underlying claim is the correct source. (Doc. # 4). The court need not address Plaintiff's concerns. Defendant does not premise its arguments for removal on total possible UM policy coverage. Instead, Defendant points to Plaintiff's denials to the Request for Admissions as its basis for removal. That argument actually advanced by Defendant is analyzed below.

parties, and the amount in controversy exceeds $75,000.00. The burden of establishing subject matter jurisdiction over a case removed to this court is squarely placed on the removing party. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). Thus, in addition to complete diversity of citizenship, a removing party must establish that there is a sufficient amount in controversy. When damages are unspecified, the removing party must establish the jurisdictional amount-in-controversy by a "preponderance of the evidence." *Lowery v. Ala. Power Co.*, 493 F.3d 1184, 1210 (11th Cir. 2007). And, the "court[] may use [its] judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1061-62. Further, federal courts strictly construe removal statutes. *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (citing *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)). Thus, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Vestavia Hills*, 676 F.3d at 1313.

**III.   Analysis**

Plaintiff did not specify the amount of damages he seeks in his Complaint in state court. (Doc. # 1-1). Therefore, under well-settled circuit precedent, Defendant must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75.000.00. *Roe*, 613 F.3d at 1061; *see Lowery*, 493 F.3d at 1210. Defendant may satisfy its burden by submitting additional evidence to demonstrate that the jurisdictional minimum is met. *See Roe*, 613 F.3d at 1061; *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-56 (11th Cir. 2010). This additional evidence may take the form of "other paper" such as responses to request for admissions. *See Lowery*, 483 F.3d at 1218; *cf.* 28 U.S.C. § 1446(c)(3)(A). However, the "other paper" Defendant relies on in its removal documents

4

(discovery responses) must "clearly" and "unambiguously" establish federal jurisdiction. *Griffith v. Wal-Mart Stores East, L.P.*, 884 F. Supp. 2d 1218, 1224 (N.D. Ala. 2012) (*citing Lowery*, 483 F.3d at 1213 n. 63, 1218).

Defendant asserts in the Notice of Removal that Plaintiff's denial of its Request for Admissions (his denial that he will not claim and does not seek in excess of $75,000.00) establishes that the amount in controversy exceeds $75,000.00. The court disagrees. "[W]hile this paper [(the Answers to the Request for Admissions)] is a proper item for consideration and was received from Plaintiff, its contents do not provide the clear and unambiguous statement required to establish subject matter jurisdiction over this action." *Griffith*, 884 F. Supp. 2d at 1226 (quoting *Harmon v. Wal-Mart Stores, Inc.*, 08-cv-309, 2009 WL 707403, at *4 (M.D. Ala. Mar. 16, 2009)).

Even though there is no binding Eleventh Circuit precedent on this precise issue, it is not one of first impression in this district. Indeed, this court has previously decided that a mere denial to a request for admission does not suffice to demonstrate the jurisdictional minimum exists for removal.[6] *See Spears v. Wal-Mart Stores, Inc.*, 2:09-cv-984-RDP, Doc. 8 (N.D. Ala. June 6, 2009); *accord Griffith*, 884 F. Supp. 2d at 1225 (adopting reasoning set forth in *Spears*); *see also Harmon*, 2009 WL 707403 (reaching the same outcome but in a different district). *Spears* (and *Griffith* and *Harmon*) is quite similar (but not identical) to this case. Indeed, in the *Harmon*/*Spears*/*Griffith* trilogy, the defendants served the following pertinent requests for admission to the plaintiffs while the actions were pending in state court:

1. That you do not claim in excess of $75,000.00 as total damages in this case.

2. That you do not intend to claim over $75,000.000 as total damages in this case.

---

[6] While prior decisions of this court and those of other district courts are not binding, they are persuasive authority that this court may consider in rendering its decision.

5

      3.      That you will not seek over $75.000.00 in total damages in this case.

      4.      That you waive any amount of damages ever entered in this case in excess of $75.000.00.

      5.      That you will not accept any award of damages over $75,000.00 in this case.

*Griffith*, 884 F. Supp. 2d at 1220; *Spears*, 2:09-cv-894-RDP, Doc. 8 at 1-2; *Harmon*, 2009 WL 707403, at *1. Additionally, in *Griffith*, *Spears*, and *Harmon*, each plaintiff denied the requests for admission, and each defendant asserted those denials supported its argument that the requisite jurisdictional amount-in-controversy was met.[7] *Id.* The reasoning found in those cases, "concluding that the plaintiff's denials of [defendant]'s requests for admission were not sufficient to demonstrate the requisite amount in controversy," is persuasive. *Griffith*, 884 F. Supp. 2d at 1226 (referencing both *Spears* and *Harmon*).

"General principles of logic do not apply" to Defendant's argument that Plaintiff's denials of negatively worded questions (*i.e.*, that he will neither claim nor seek damages in excess of $75,000.00) clearly establish that the amount in controversy exceeds $75,000.00. *Spears*, 2:09-cv-894-RDP, Doc. 8 at 3. Indeed,

> [o]n the one hand, when a party admits to a fact in response to a request for admission, that fact is conclusively established for purposes of the litigation. Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.") . . . . On the other hand, the effect of a denial is not to admit the opposite of the proposition offered for admission, but rather is simply to establish that the matter is in dispute.
>
> *Harmon*, 2009 WL 707403, at *4 (citing Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment) (internal citation omitted). "Hence, Plaintiff's denial of the [] questions propounded by Defendant serves not to establish that an amount in excess of $75,000 is in dispute, but rather that Plaintiff is not willing to concede the issue and that an amount in excess of $75,000 is in dispute is itself in dispute. Refusal to concede is not a statement of fact and cannot support jurisdiction." *Id.*

---

[7] Like this case, complete diversity of citizenship was not at issue in any of those three actions.

*Griffith*, 884 F. Supp. 2d at 1227 (quoting *Spears*, 2:09-cv-894-RDP, Doc. 8 at 3-4).

In summary, Plaintiff's denial of Defendant's negatively worded requests does not equal an affirmative.[8]  The Responses to Request for Admissions do not "clearly" and "unambiguously" establish federal jurisdiction, and no damages amount is stated in the Complaint.  *Cf. Lowery*, 483 F.3d at 1218.  "Because the jurisdictional amount in controversy in this case is not apparent on the removing documents, 'the proper course is remand.'"  *Spears*, 2:09-cv-894-RDP, Doc. 8 at 5 (quoting *Lowery*, 483 F.3d at 1218).

### III.   Conclusion

Based on the foregoing reasons, Defendant had not satisfied its burden of proving the grounds for removal are met.  Therefore, the case is due to be remanded to the Circuit Court of Jefferson County, Alabama, Birmingham Division.  The court will enter an order consistent with this opinion.

**DONE** and **ORDERED** this October 13, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[8] In response to the Motion to Remand, Defendant directs the court's attention to the case of *Jordan v. Barnhills Buffet, Inc.*, 11-cv-72, 2011 WL 2078012 (S.D. Miss. May 20, 2011).  While the defendant in that case based its removal on similar, but not identical, requests for admission regarding the amount in controversy and the responses by the plaintiff (*i.e.*, different from this case and the *Griffith*, *Spears*, and *Harmon* trilogy), the plaintiff's motion to remand was based on timeliness under 28 U.S.C. § 1446(b).  *Jordan*, 2011 WL 2078012, at *1.  To be clear, the opinion in *Jordan* does not address the issue of whether the amount in controversy was satisfied.  *Id.* at *1-3.  *Jordan* simply is both inapposite and unpersuasive.